UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

CAROL MAY SAUNDS,

                              Debtor.
------------------------------------------------------------X

05 Civ. 5725 (RPP)

**OPINION AND ORDER**

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      Appellant, 6485 Apartment Associates, J.V., appeals the Bankruptcy Court decision that its motion to terminate the month-to-month tenancy of Carol Saunds ("Debtor") was barred by res judicata. For the foregoing reasons, Appellant's motion is denied.

**BACKGROUND**

      The apartment in question was leased to Cynthia Saunds (Debtor's mother) until the expiration of the written lease in July 2003. Appellant's Memorandum of Law ("Appellant's Mem.") at 5-6. After the lease expired, Cynthia Saunds remained as a month-to-month tenant. Id. at 6. At some point thereafter, Debtor took over occupancy of the apartment. Id. On September 30, 2003, Carol Saunds (Debtor) filed her petition for relief under Chapter 13 of the Code. Id. at 5.

      In October 2003, the landlord, Appellant's predecessor, moved to lift the automatic stay based upon Debtor's failure to pay rent. Id. at 6. That motion was denied and a conditional Order was entered on December 31, 2003 by Bankruptcy Judge Cornelius Blackshear. Id. at 6. The 2003 Order required Debtor to make her back rent payments and maintain her future rent payments. December 18, 2003 Hearing Transcript ("12/18/03 Tr.") at 2, 7.

      Appellant is the current holder of the shares of stock and proprietary lease appurtenant to

the subject cooperative agreement.  Appellant's Mem. at 6.  Appellant acquired the stock and lease after the December 2003 Order.  Id.  In November 2004, Appellant served a Notice of Termination upon Cynthia Saunds, seeking to terminate the month-to-month tenancy under New York State Real Property Law § 232-a, and upon expiration of the Notice, commenced a holdover summary eviction proceeding against Cynthia Saunds in the Housing Court of the City of New York, Bronx County.  Id.  At the hearing, Appellant was advised that Debtor had filed for Chapter 13 bankruptcy protection, and the summary eviction proceeding was marked "off-calendar."  Id.; Appellee's Brief in Opposition ("Appellee's Opp.") at 2.

Appellant next filed a motion for relief for the automatic stay to terminate Debtor's month-to-month tenancy and recover possession of the apartment.  Id. at 6-7.  On April 7, 2005, Bankruptcy Judge Drain held a hearing on the motion to lift the automatic stay.  April 7, 2005 Hearing Transcript ("4/7/05 Tr.").  The hearing was adjourned to May 12, 2005 to allow Judge Drain to review the transcript of the hearing where Judge Blackshear gave his 2003 Order.  Id.  At the May 12, 2005 hearing, Judge Drain determined that "[c]ounsel for the assignor, Mr. Shenwick, raised this very issue with Judge Blackshear" and stated that it "is res judicata at this point."  May 12, 2005 Hearing Transcript ("5/12/05 Tr.") at 11.  Judge Drain quoted from pages 5 and 6 of the record of Judge Blackshear's hearing on December 18, 2003, saying:

> '[W]hat is going to the bare essence here is Ms. Saunds has no lease.  The unit is not rent stabilized, there is no rent control.'  To the Court, 'that means she could stay there for three to five years as long as I don't lift the automatic stay you can't move to evict her.'
> Mr. Shenwick – 'I don't see it as being the property of the estate under 541.'
> 'Oh, yes,' it says, Judge Blackshear, 'because she is a month-to-month tenancy so that is property of the estate.'

5/12/05 Tr. at 11-12.  Appellant argued that the underlying motion before Judge

Blackshear was not to seek to terminate the month-to-month tenancy but to lift the stay for nonpayment of rent. Id. at 12. Judge Drain disagreed, stating, "This is what he ruled on. As Mr. Shenwick said it is the bare essence of the motion and I believe it was, in fact, decided and was part of the issue before the Court." Id. at 12-13. This appeal followed.

**Standard of Review**

Pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure ("FRBP" or "Bankruptcy Rules") and the case law thereunder, a bankruptcy court's findings of fact are subject to a clearly erroneous standard. See Fed. R. Civ. P. 52(a); FBRP 8013. A finding of fact is clearly erroneous within the meaning of Bankruptcy Rule 8013 when

> although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed. While the trial court's findings of fact are not conclusive on appeal, the party that seeks to overturn them bears a heavy burden. If two views of evidence are possible, the trial judge's choice between them cannot be clearly erroneous. To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must strike us as wrong with the force of a five-week-old unrefrigerated dead fish.

In re Miner, 229 B.R. 561, 565 (B.A.P. 2d Cir. 1999) (internal quotation marks and citations omitted).

The District Court reviews the Bankruptcy Court's legal conclusions de novo. See id. at 564-65; In re Ogden New York Services, Inc., 312 BR 729, 730 (S.D.N.Y. 2004); In re Macrose Industries, Corp., 186 B.R. 789, 797 (E.D.N.Y. 1995). "A de novo review allows [the court] to decide the issue as if no decision had previously been rendered." In re Miner, 229 B.R. at 565.

**DISCUSSION**

The doctrine of claim preclusion holds that "a prior decision dismissed 'on the merits' is binding in all subsequent litigation between the same parties on claims arising out of the same facts, even if based upon different legal theories or seeking different relief on issues which were or might have been litigated in the prior action were not." Northern Assurance Co. of America v. Square D. Co., 201 F.3d 84, 87 (2d Cir. 2000), quoting EFCO Corp. v. U.W. Marx, Inc., 124 F.3d 394, 397 (2d Cir. 1997). See also Restatement (Second) of Judgments § 19 (1982) ("A valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim"). Claim preclusion "operates in two ways: (1) it bars claims that were brought and decided in a prior litigation; and (2) it bars all other claims relating to the same transaction against the same defendant that could have been brought at that time." Northern Assurance Co. of America, 201 F.3d at 87.[1] The bar is "based on the requirement that the plaintiff must bring all claims at once against the same defendant relating to the same transaction or event." Id. at 88 (internal citation omitted).

Here, Appellant's motions before Judge Drain to lift the automatic stay for nonpayment of rent and to terminate the month-to-month tenancy were both brought against Debtor and raised the same issues described by the December 2003 Order by Judge Blackshear. After review of the record, Judge Drain held that Judge Blackshear declined to lift the automatic stay

---

1 The bankruptcy court here used the term *res judicata* to describe the doctrine that it believed barred Appellant's motion. "The term *res judicata*, however, is more appropriately defined as encompassing two separate and distinct wings of preclusion law, claim preclusion and issue preclusion, see generally 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4402 (1981 & Supp. 1999)." Northern Assurance Co., 201 F.3d at 87 n.2. Claim preclusion is at issue in the instant case. In its brief, Appellant also addresses the doctrine of issue preclusion, or collateral estoppel, but that is not applicable to this case.

based on Appellee's non-payment of rent and Ms. Saunds' month-to-month tenancy. 5/12/05 Tr. at 12-13. Appellant has not shown that Judge Drain's findings of fact were clearly erroneous in that case, nor does Appellant show that the District Court should overturn Judge Drain's conclusions. Appellant's claims are related to that transaction and were therefore already litigated or should have been brought against the Appellee at that time. Northern Assurance Co. of America, 201 F.3d at 87-88.

Appellant argues that Judge Blackshear's determination is not final, and that "a lift-stay motion is, by its nature, closer to the determination of a motion for a preliminary injunction than a decision on the merits of the underlying controversy," citing "[f]indings made in a preliminary injunction proceeding therefore are seldom considered sufficiently final to be given preclusive effect." Appellant's Mem. at 8-9, quoting Don King Productions, Inc. v. Douglas, 742 F. Supp. 741 (S.D.N.Y. 1990). However, in In re Chateaugay Corp., the Second Circuit held that orders denying relief from the automatic stay are final orders. 880 F.2d 1509, 1511-12 (2d Cir. 1989). The hearings before Bankruptcy Judges Blackshear and Drain in the instant case are "final hearings" under § 362(e) of the Bankruptcy Code. Judge Blackshear continued the stay in effect. The 2003 Order that was entered as a result of the December 2003 hearing is the equivalent of a permanent injunction during the pendency of the Chapter 13 proceeding, and it "is consistent with congressional intent to treat such denials as final, appealable orders." Id. at 1512. Thus, Judge Blackshear's Order did have preclusive effect.

**CONCLUSION**

Accordingly, Appellant's appeal of the Bankruptcy Court's decision not to terminate the month-to-month tenancy of Debtor is denied as being barred by res judicata.

IT IS SO ORDERED.

Dated: New York, New York
June 7, 2006

_____
Robert P. Patterson, Jr.
U.S.D.J.

Copies of this Order sent to:

Rattet, Pasternak & Gordon Oliver, LLP
550 Mamaroneck Avenue
Harrison, NY 10528
Attn: James B. Glucksman
Fax No. 914-381-7406

Lehrman, Kronick & Lehrman, LLP
199 Main Street
White Plains, NY 10601
Attn: Mark A. Guterman, Esq.
Fax No. 914-761-4672

Carol May Saunds
6485 Broadway, #3C
Riverdale, NY 10471

Jeffrey Sapir, Trustee
399 Knollwood Road
White Plains, NY 10603
Fax No. 914-328-7299

Carolyn S. Schwartz
Office of U.S. Trustee
33 Whitehall St., 21st Fl.
New York, NY 10004
Fax No. 212-668-2255

Michael J. Garcia, United States Attorney
Southern District of New York
ATTN: John P. Cronan, A.U.A.S.
86 Chambers Street
New York, NY 10007
Fax No. 212-637-2730